**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kristin Kepros,** | ) | **CASE NO.  1:10 CV 1540** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Alcon Laboratories, Inc., et al.,** | ) | **<u>Memorandum of Opinion and Order</u>** |
| | ) | |
| **Defendants.** | ) | |

<u>**Introduction**</u>

This matter is before the Court upon defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9).  This case arises out of plaintiff's former employment with defendants. For the following reasons, the motion is GRANTED.

<u>**Facts**</u>

This matter was originally filed in the Cuyahoga County Court of Common Pleas and removed to this Court on the basis of diversity of citizenship and federal question jurisdiction. Plaintiff, Kristin Kepreos, filed her Complaint against defendants, Alcon Laboratories, Inc.

1

(hereafter, Alcon), Novaritis Corporation[1], William Doran, Jay Jones, Mike Smith, Craig Vlaanderen, and John Does 1 and 2.  The Complaint sets forth five claims based on federal and state law arising out of the termination of plaintiff's employment as an account manager with Alcon. Plaintiff also alleges that defendants maintained a work environment that was sexually demeaning to women.

This matter is before the Court upon defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  The motion seeks to dismiss defendants Doran, Jones, and Smith for lack of personal jurisdiction.

### **Standard of Review**- **Personal Jurisdiction**

Plaintiff has the burden of showing that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996).  Plaintiff need only make a prima facie showing of jurisdiction, and the Court considers the pleadings and affidavits in a light most favorable to her. *Id.*  In resolving the Rule 12(b)(2) motion solely on the written submissions and affidavits rather than holding an evidentiary hearing, the district court does not weigh the controverting assertions of the party seeking dismissal.  *Chrysler Group LLC v. South Holland Dodge, Inc.,* 2011 WL 1790333 (E.D. Mich. May 10, 2011) (citing  *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988).  Although the Court considers the pleadings in a light most favorable to the plaintiff, that party must still set forth specific facts demonstrating that the Court has jurisdiction. *Smith v. Ohio Legal Rights Service,* 2011 WL 1627322 (S.D.Ohio April 29, 2011) (citations omitted).

---

[1]     The Notice of Removal states that this defendant was voluntarily dismissed in state court.

2

"In a diversity case, a federal court can exercise personal jurisdiction over a defendant if jurisdiction is (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Systems, Inc. v. Cab Produkttechnik GMBH & Co. KG,* 196 Fed. Appx. 366 (6th Cir. 2006) (internal quotations and citations omitted).  Because Ohio's long-arm statute does not extend to the constitutional limits of due process, the Court looks to whether the defendants is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met. *Estate of Dorothy Thomson v. Toyota Motor Corp.,* 545 F.3d 357 (6th Cir. 2008).

"Due process mandates that jurisdiction be exercised only if [defendant] has sufficient 'minimum contacts' with Ohio such that summoning [defendant] to defend in Ohio would not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ).  To establish that the Court has general jurisdiction over a defendant, the plaintiff must make a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant. Specific personal jurisdiction, on the other hand, exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum.

This Court uses a three-part test for determining whether it has specific jurisdiction over an out-of-state defendant:  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough

3

connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  *Id.* (citations omitted).

**<u>Discussion</u>**

The Complaint alleges the following facts.  Plaintiff was hired by Alcon, a Texas corporation, in December 2006 as an account manager.  Plaintiff worked from her residence in Ohio. Individual defendants Doran, Jones, Smith, and Vlaanderen are officers, directors, and/or employees of Alcon.  On January 20, 2010, plaintiff advised defendant(s) that her daughter was seriously ill and that she would need time off to care for her.  On February 15, 2010, plaintiff was contacted by defendant(s) and advised to attend a meeting the next day in Fort Worth, Texas.  During the February 16, 2010 meeting, defendant(s) attempted to intimidate plaintiff in the hopes that she would quit.  On February 23, 2010, defendant(s) contacted plaintiff and demanded that she attend a meeting at the Cleveland Marriott Airport Hotel on February 25, 2010.  During the February 25 meeting, defendant(s) advised plaintiff that she was terminated.  A man was hired to fill plaintiff's position.  The Complaint fails to set forth facts specific to any individual defendant.

In the absence of any facts in the Complaint upon which the Court can base a ruling of personal jurisdiction, defendants submit the declarations of Doran, Jones, Smith, and Vlaanderen.  Plaintiff relies on these declarations as well as deposition testimony.  Therefore, the Court considers all this evidence.

William Doran, a resident of Texas, is Vice President, U.S. Cataract and Refractive Sales for Alcon Laboratories and works in Alcon's Fort Worth, Texas offices.  He oversees U.S. sales for Alcon's surgical business. Doran was aware of and approved the investigation

4

regarding plaintiff's improper use of her corporate credit card, and he ultimately approved plaintiff's termination upon confirmation of plaintiff's misconduct. All decisions relating to this investigation and the decision to terminate occurred in Texas. While he has traveled to Ohio as part of his normal responsibilities with Alcon, none of these trips involved transactions relating to plaintiff's employment or termination. (Doran decl.)

Jay Jones, a resident of Texas, was Area Director of Human Resources for Alcon Laboratories until October 2010. He oversaw the human resource functions for all of Alcon's U.S. sales and marketing organizations.  Jones first met plaintiff in a February 16, 2010 meeting in Fort Worth, Texas, at which time plaintiff was notified by Vlaanderen that Alcon had decided to suspend her employment pending the outcome of an investigation.  Every discussion or other contact Jones had regarding plaintiff's employment and termination was made from Alcon's Fort Worth, Texas headquarters.  Jones never traveled to Ohio for business related reasons.  (Jones decl.)

Mike Smith, a resident of Texas, is Alcon's Central Region Director of Sales.  While he was involved in the decision to hire plaintiff, Smith had no involvement in the investigation or termination of plaintiff. He has traveled to Ohio for business on a number of occasions, but none of these trips related to plaintiff's employment other than having a meal with her and another Alcon employee. (Smith decl.)

Craig Vlaanderen, a resident of Texas, is Alcon's Director of Sales for Vitreoretinal. He met with plaintiff in Texas on February 16, and notified her then that her employment had been suspended pending the outcome of an investigation.  Vlaanderen participated in the decision to terminate plaintiff, and he notified her in Cleveland, Ohio of that decision.

5

(Vlaanderen decl.)

Plaintiff submits her own declaration wherein she states that she is a resident of Ohio, and her office where she performed her duties of account manager was located in her home. During her employment, Mike Smith regularly texted and called her.  (Kepreos decl.)

First, plaintiff fails to show that jurisdiction is proper over these three defendants under Ohio's long-arm statute.[2]  Under Ohio's long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's ... (1) [t]ransacting any business in this state, or (3) causing tortious injury by an act ... in this state, or (4) causing tortious injury in this state by an act... outside this state if he regularly does or solicits business... in this state." Ohio Rev.Code § 2307.382(A). The injury must also arise out of the contacts with Ohio. *Tharo Systems, Inc., supra* (citations omitted).

Plaintiff does not specifically address whether the exercise of personal jurisdiction comports with Ohio's long-arm statute.  The Court finds that it does not. The declarations of Doran and Jones show that neither engaged in the alleged tortious conduct in Ohio as the conduct relating to the investigation and termination of plaintiff occurred in Texas.  Plaintiff's deposition testimony that Doran made a sexually inappropriate comment to her shows that it occurred in Texas. Nor is there evidence that Doran or Jones regularly do or solicit business in Ohio.  Rather, the evidence shows that Doran never traveled to Ohio in connection with plaintiff's employment or termination, and Jones never traveled to Ohio for business

---

[2]     Because the Court finds that personal jurisdiction is lacking, the Court need not address defendants' alternative argument that the fiduciary shield doctrine may preclude personal jurisdiction.

6

purposes. Smith's declaration shows that he had no involvement in plaintiff's termination. While he states that he traveled to Ohio for business on a number of occasions, none of the trips related to plaintiff's employment other than one meal with her.  Thus, while he may have transacted business in Ohio, the transactions were unrelated to plaintiff's termination claims. Plaintiff refers to deposition testimony that Smith created a sexually harassing environment by making two inappropriate comments to her at a national sales meeting which occurred outside Ohio.  Plaintiff's declaration states that Smith regularly texted and called her.  There is no evidence, however, that the injury (i.e., hostile work environment) arose out of these contacts (i.e., the telephone calls and text messages).

Plaintiff contends that general and specific jurisdiction exist over defendants. This Court disagrees.

Plaintiff asserts that these defendants had continuous and systematic contacts with Ohio so as to establish general jurisdiction.  Plaintiff points to Doran's deposition testimony that he traveled to Ohio for the purpose of attending surgery with a doctor/customer in Lorain and for a meeting with representatives of a strategic partnership in Cincinnati. Plaintiff also points out that Doran took part in the investigation of plaintiff and made the decision to terminate her.  None of this evidence establishes that Doran had continuous and systematic contacts with Ohio. The deposition testimony is consistent with Doran's declaration statements that he never traveled to Ohio in relation to plaintiff's employment or termination. The evidence showing that Doran traveled here on a couple of occasions is insufficient to show continuous and systematic contacts with this state. There is no evidence to contradict Doran's statement that all decisions relating to the investigation and decision to terminate

7

plaintiff occurred in Texas.

As for Jones, plaintiff points to deposition testimony that he was responsible for providing human resources support for Alcon employees in Ohio.  Plaintiff contends that although he never traveled to Ohio for business purposes, physical contacts with the forum are unnecessary.   Plaintiff refers to *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  Plaintiff is mistaken.  That court recognized, "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." In particular, while physical presence in a forum state is not required, where a defendant "has created 'continuing obligations' between himself and the residents of the forum, he manifestly has availed himself of the privilege of conducting business there." *Id*. at 476.  Plaintiff fails to show any evidence of Jones's continuous and systematic contacts with Ohio which created a substantial connection with this state.

Plaintiff refers to Smith's deposition testimony that he traveled to Ohio approximately 20 times.  Smith's declaration statement shows, however, that he has traveled to Ohio since 2007.  About 20 times in three years does not amount to "systematic and continuous" contacts. Further, the evidence shows that Smith had nothing to do with the investigation or termination of plaintiff. Nor is there any evidence that Smith's purported telephone calls and text messages to plaintiff in Ohio form the basis of any of her sexual harassment claims, especially given plaintiff's deposition testimony that Smith's two allegedly inappropriate comments occurred at a national sales meeting outside this state.

Plaintiff also argues that the Court has specific jurisdiction over these defendants applying the three-part test set forth above.  Again, the Court disagrees.

8

Plaintiff asserts that Doran purposefully availed himself of causing a consequence in Ohio when he accepted the position of Vice President where he was directly responsible for managing Alcon's cataract and refractive sales force in Ohio.  The mere fact that Doran accepted a position that encompassed responsibilities for the sales force in Ohio in no way amounts to the purposeful availment necessary to satisfy due process.  The Sixth Circuit has recognized that the purposeful availment prong is the "sine qua non for in personum jurisdiction."  *Air Products and Controls, Inc. v. Safetech International, Inc.,* 503 F.3d 544 (6th Cir. 2007). Because plaintiff fails to establish this element, the Court need not reach the other two criteria for establishing personal jurisdiction.  *The Oasis Entertainment Complex, Inc. v. Lawrence,* 1999 WL 313852 (6th Cir. May 7, 1999).  Nonetheless, the remaining prongs are not satisfied.  Plaintiff asserts, without evidentiary support, that Doran's actions of wrongfully terminating plaintiff and subjecting her to a sexually harassing environment arose from his activities in Ohio.  But, there is no evidence to contradict Doran's declaration that all decisions relating to his investigation and decision to terminate plaintiff occurred in Texas. Plaintiff's deposition testimony shows that Doran's one allegedly inappropriate comment was made in Texas. Finally, plaintiff contends that Doran's acts and consequences have a significant connection with Ohio given that plaintiff is a resident of this state and works from her home here.  Of course, the exercise of jurisdiction over Doran would be unreasonable given that there is no evidence to support the first two criterion.

Plaintiff likewise asserts that Jones purposely availed himself of causing a consequence here by accepting his position with Alcon. This fails for the same reason stated above, and the Court need not proceed to the remaining two elements.  Even if it did, plaintiff

again improperly asserts that Jones's actions in intimidating plaintiff in the hopes that she would quit and recommending that she be wrongfully terminated, arise from Jones's activities in Ohio. But, the evidence shows that the February 16 meeting took place in Texas, and all other contact Jones had regarding plaintiff's employment and termination was made from Alcon's headquarters in Texas.  Jones never traveled to Ohio for business.

Finally, plaintiff's assertion that Smith purposely availed himself of causing a consequence here by accepting his position with Alcon likewise fails.  Without purposeful availment, jurisdiction cannot be secured.

For these reasons, the Court does not have personal jurisdiction over defendants Doran, Jones, and Smith.

**<u>Conclusion</u>**

For the foregoing reasons, defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted.  Defendants Doran, Jones, and Smith are dismissed.   The case will proceed against defendants Alcon and Vlaanderen.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/6/11

10